**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 20-cv-4594
MEHMET EMRE ERGIN,

                                            Plaintiff,                    **COMPLAINT**

                        -against-

8TH HILL INC. and SEMI FEYZIOGLU, Individually,          **PLAINTIFF DEMANDS**
                                                          **A TRIAL BY JURY**

                                            Defendants.
------------------------------------------------------------------------X

        Plaintiff, MEHMET EMRE ERGIN by his attorneys, SEKENDIZ LAW FIRM P.C.,

upon information and belief, complains as follows:

## NATURE OF THE CASE

1.  Plaintiff brings this action charging that Defendants violated the Fair Labor Standards Act
    of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter "FSLA" or "the Act", to recover
    unpaid  overtime wages, and an additional amount as liquidated damages, reasonable
    attorneys' fees and costs, and to remedy violations of state common law based upon the
    pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C.
    §1367; N.Y. Lab. Law§ 2 and 651; N.Y. Lab. Law§ 190 et seq; NYLL §195(1) and NYLL
    195(3); and seeks to recover overtime wages, unpaid wages, punitive damages, reasonable
    attorneys' fees and costs as a result of defendants' failure to pay Plaintiff overtime.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and
    28 U.S.C. §§ 1331 and 1343.

3.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law

pursuant to 28 U.S.C. § 1367.

4.  Jurisdiction of this action is also conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.  Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6.  This action involves questions of federal law. 28 U.S.C. § 1331

7.  Venue is proper in this district based upon Defendants' principal place of business within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

8.  Plaintiff MEHMET EMRE ERGIN, ("PLAINTIFF") is a resident of the County of Queens and State of New York.

9.  Defendant 8TH HILL INC. 9 "HILL") is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 359 Columbus Ave, New York, NY 10024

10. Defendant SEMI FEYZIOGLU, is a principal/shareholder   of Corporate Defendant "HILL" He exercise control over the terms and conditions of Plaintiff's employment.

11.  Defendant SEMI FEYZIOGLU exercised his power to (a) fire and hire, (b) determine rate and method of pay, (c) set employee schedules over the Plaintiff and other employees.

12. All defendants jointly employed Plaintiff within the meaning of FLSA and New York Labor

Laws.

## MATERIAL FACTS CONCERNING PLAINTIFF'S UNPAID OVERTIME CLAIMS

13. Plaintiff started working for defendants as a "sous chef" on or around August 6, 2019.

14. Plaintiff's rate of pay was $16,66 an hour.

15. Plaintiff worked approximately sixty (60) hours to seventy (70) hours a week during his employment with defendants.

16. Starting from August 6, 2019 up until December 31, 2019, Plaintiff worked approximately ten (10) to fifteen (15) hours a day six (6) days a week.

17. Starting from January 1, 2020 to March 16, 2020, Plaintiff worked approximately ten (10) hours a day and five (5) days a week.

18. Plaintiff was terminated from his position on or around March 16, 2020.

19. From March 2, 2020 to March 16, 2020 defendants failed to pay Plaintiff any wages.

20. From August 6, 2019 up until March 2, 2020, defendants failed to pay Plaintiff his earned overtime wages.

21. Plaintiff did not have authority to hire, fire or determine the pay rate of any employees.

22. Plaintiff spent ninety five percent (95%) of his time for cooking.

23. Plaintiff did not have authority to supervise any employee.

24. Plaintiff did not have authority to demote, promote or discipline any employee.

25. Plaintiff did not have authority to change the menu items or inventory.

26. Plaintiff was not authorized to provide suggestions and/or recommendations as to the hiring, firing.

27. Plaintiff did not customarily and regularly exercise any discretionary powers.

28. Plaintiff was not paid on a salary basis but on an hourly rate basis.

29. Plaintiff is not an exempt employee under FLSA and New York Labor Laws.

30. At all times relevant to this complaint, defendants maintained a policy and practice of requiring Plaintiff to work more than forty (40) hours per week without providing any overtime compensation required by Federal and State Law and Regulations.

31. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

32. Upon information and belief, Defendants, employed the policy and practice of disguising Plaintiff's actual hours worked in payroll records to dodge their obligations to pay Plaintiff his earned overtime compensation.

33. Upon information and belief, defendants failed to provide notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

34. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked until January of 2020.

35. Defendants did not provide Plaintiff with any document or other statement accounting for his actual hours worked or setting forth the rate of pay for all of his hours worked for the overtime hours Plaintiff worked.

36. Plaintiff now bring this action to recover damages, including but not limited to, overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), 29 U.S.C. §207 NYCRR Labor Section 138 et seq. Title 12 NYCRR 142-2.2. N.Y. Lab. Law§ 190 et seq. N.Y. Lab. Law§ 663. NYLL §195(1) and Title 12 NYCRR 142) (Spread of Hours)

37. Defendants violated the minimum wage hours by failing to pay Plaintiff's earned wages from March 2, 2020 to March 16, 2020.

38. Defendants willfully violated Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.),

39. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

40. As Defendants conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiff also demands punitive damages against Defendants.

41. Defendants never paid Plaintiff for any overtime hours worked.

42. Defendants' actions created an environment that no reasonable person would tolerate.

43. Defendants all separately and jointly violated the FLSA by not paying Plaintiff for overtime work ands tips as required by the Act.

44. Defendants violated the laws of the State of New York by not paying Plaintiff for overtime work as required by the laws of the State of New York.

45. Upon information and belief, at all relevant times, Corporate Defendant "HILL" had gross revenue in excess of $500,000.

46. Upon information and belief Corporate Defendant "HILL" had and has 18 (eighteen) employees.

## AS A FIRST CAUSE OF ACTION
## FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

47. Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48.  Defendants willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which he was employed.

49.  Defendants' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

50.  As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK WAGE AND HOUR LAW and VIOLATION OF Title**
**12 NYCRR Section 142-2.2, OVERTIME RATE**

51.  Plaintiff repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52.  Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations, Specifically NYCRR Labor Section 138 et seq.

53.  Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

54.  Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

55.  Defendants also failed to pay Plaintiff a premium/additional amount for hours worked in excess of 10 hours per day.

56.  Under New York State law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4).

57.  Defendants also violated New York's Labor law including but not limited to Labor Law 12 NYCRR § 142-2; §§ 198, 162, 663 et seq.

### AS A THIRD CAUSE OF ACTION FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

58. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

59. Defendants willfully failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law§ 190 et seq. and regulations of the New York State Department of Labor.

60. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

61. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

62. Defendants failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

63. Defendants failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.


### AS A FOURTH VIOLATION OF SPREAD OF HOURS UNDER NEW YORK LAW.

64. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

65.  Defendants failed to pay Plaintiff his earned Spread of Hours.

66. New York's spread of hours law provides that hourly, nonexempt employees whose workday begins and ends more than 10 hours apart are owed an extra hour of pay, known as a Spread of Hour rate as follows:  "§ 142-2.4 Additional rate for split shift and spread of hours. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which:  (a) the spread of hours exceeds

10 hours; or (b) there is a split shift; or (c) both situations occur."

67. Defendants failure to pay Plaintiff his spread of hours was willful.

68. Defendants violated the section § 142-2.4.

## AS A FIFITH CAUSE OF ACTION FOR VIOLATIONS OF MINIMUM WAGE PROVISIONS UNDER THE FAIR LABOR STANDARDS ACT

69. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

70. At all relevant times, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (d).

71. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r).

73. Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a).

74. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255 (a).

75. Plaintiff has been damaged in an amount to be determined at trial.

## AS A SIXTH CAUSE OF ACTION CAUSE OF ACTION FOR VIOLATION OF NEW YORK MINIMUM WAGE ACT

76. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

77. At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

78. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

79. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

80. Defendants' failure to pay Plaintiff's minimum wage was willful within the meaning of N.Y. Lab. Law§ 663.

81. Plaintiff has been damaged in an amount to be determined at trial.

## SEVENTH VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

82. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

83. Defendants failed to provide Plaintiff with a written notice, in English and in (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## EIGHT CAUSE OF ACTION VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

85. Plaintiff repeat and reallege all paragraphs above as though set forth fully herein.

86. Defendants have not provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

87. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## JURY DEMAND

88. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the FLSA, NYCRR, and NYLL, for failing to pay Plaintiff's due overtime wages, spread of hours;;

B.  Awarding Plaintiff punitive damages;

C.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

D.  Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

E.  Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA compensation, hours, wages, and any deductions or credits taken against wages;

F.  Declaring that Defendants violations of the provisions of the FLSA were willful as to Plaintiff.

G.  Awarding Plaintiff damages for the amount of unpaid overtime wages, spread of hours, and damages for any improper deductions or credits taken against wages under the FLSA as applicable.

H.  Awarding Plaintiff and the FLSA liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper

deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

I.  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff.

J.  Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff.

K.  Declaring that Defendants violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff.

L.  Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable.

M.  Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable.

N.  Awarding Plaintiff pre-judgment and post- judgment interest as applicable.

O.  Awarding Plaintiff, the expenses incurred in this action, including costs and attorney's fees;

P.  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

Q.  All such other and further relief as the Court deems just and proper

R.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants unlawful employment practices.


Dated:  New York, New York
        June 16, 2020


                                        **SEKENDIZ LAW FIRM P.C.,**
                                        **ATTORNEYS AT LAW**

                        By:     ___s/Ismail S. Sekendiz/____
                                Ismail S. Sekendiz, Esq. (IS-0509)
                                *Attorneys for Plaintiff*
                                45 Broadway Suite: 1420
                                New York, New York 10006
                                (212) 380-8087
                                Email: isinan@hotmail.com