USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mehmet Emre Ergin,

                Plaintiff,

–v–

8th Hill Inc., et al.,

                Defendants.

20-cv-4594 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court are Plaintiff Mehmet Ergin's two motions for default judgment against Defendants 8th Hill Inc., Semi Feyzioglu, and Taniyel Cigercioglu. For the following reasons, Ergin's motions are GRANTED, and the Court enters judgment as to the liability of all three Defendants. The Court refers the matter to the Magistrate Judge for an inquest to ascertain damages and fees.

## I. Background

### A. Factual Background

The amended complaint alleges as follows. Ergin worked from August 6, 2019, to March 16, 2020, as a "sous chef" at 8th Hill Inc., which is owned and operated by Defendants Feyzioglu and Cigercioglu. Am. Compl. ¶¶ 9–16, Dkt. No. 10. From August 6 to December 31, 2019, he worked 10 to 15 hours a day, 6 days a week, and from January 1 to March 16, 2020, he worked 10 hours a day for 5 days a week. *Id.* ¶¶ 18–20. He was paid on an hourly basis at $16.66 per hour and was never paid overtime wages or "spread of hour wages" on days he worked more than 10 hours. *Id.* ¶¶ 18, 32–33. From March 2 to March 16, 2020, he was not paid at all. *Id.* ¶ 22. Ergin further contends that Defendants did not systematically track or document his time

1

worked until January 2020. *Id.* ¶¶ 34–37. Ergin contends that Defendants therefore violated several provisions of the of the Federal Labor Standards Act, 29 U.S.C. §§ 201 et seq., and New York Labor Law. Specifically, he lists eight partially overlapping causes of action:

1. Failure to pay overtime for hours worked in excess of 40 in a week under the FLSA, 29 U.S.C. § 207.

2. Failure to pay overtime for hours worked in excess of 40 in a week under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

3. Failure to pay overtime for hours worked in excess of 40 in a week under N.Y. Lab. Law §§ 232, 663.

4. Failure to pay "spread of hours" wages for working 10 or more hours under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

5. Failure to pay a minimum hourly wage of $7.25 under the FLSA, 29 U.S.C. § 206.

6. Failure to pay a minimum wage of $15.00 under N.Y. Lab. Law § 652.

7. Failure to keep proper records and provide Ergin adequate notice "in English and in (Plaintiffs' primary language)" of his pay under N.Y. Lab. Law § 195(1).

8. Failure to provide Ergin wage statements for each payment of wages under N.Y. Lab. Law § 195(3).

Am. Compl. ¶¶ 49–89.

Ergin additionally contends that all violations were willful, subjecting Defendants to heightened penalties. *Id.*

### B. Procedural history

Ergin filed this action on June 16, 2020, against Defendants 8th Hill Inc. and Semi Feyzioglu. Dkt. No. 1. He filed an affidavit of service against both Defendants on June 26,

2020.  Dkt. No. 6.  On August 6, 2020, Ergin filed an amended complaint that added Defendant Taniyel Cigercioglu.  Dkt. No. 10.  On August 21, 2020, he again filed an affidavit of service as to all three Defendants.  Dkt. Nos. 15–17.

On September 11, 2020, the Clerk's office issued a certificate of default as to Defendants 8th Hill and Cigercioglu.  Dkt. No. 24.  Ergin filed a motion for default judgment as to 8th Hill and Cigercioglu on October 6, 2020, excluding Feyzioglu because Ergin had learned that Feyzioglu was in bankruptcy proceedings.  Dkt. No. 27; Sekendiz Aff. ¶ 12, Dkt. No. 28.

On August 19, 2021, Ergin informed the Court that the bankruptcy stay against Feyzioglu had been lifted.  Dkt. No. 31.  On August 20, 2021, Ergin clarified that a bankruptcy proceeding involving Cigercioglu was still active.  Dkt. No. 34.

The Clerk's office issued a certificate of default as to Feyzioglue on August 20, 2021.  Dkt. No. 36.  Ergin then filed a motion for default judgment as to Feyzioglu on August 26, 2021.  Dkt. No. 38.[1]

## II.    Legal Standard

Federal Rule of Civil Procedure 55 sets out a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment.  *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005).  The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

---

[1] Ergin's papers supporting each motion for default judgment are effectively identical.  See Dkt. Nos. 28, 39.  The Court refers primarily to the briefing and affidavits filed in support of the first motion for default judgment.

is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Green*, 420 F.3d at 104. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court must still determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

### III. Discussion

Defendants have not participated in this litigation despite service of the complaint and the instant motion. The Court therefore accepts as true all well-pleaded allegations in the complaint but must still determine whether those allegations establish a legal basis for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain*, 653 F.2d at 65); *see also* Fed. R. Civ. Pro. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court thus examines "whether [the] plaintiff's allegations are *prima facie* sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment." *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020).

The assessment of damages requires more from a plaintiff. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Rather, the Court must conduct an inquiry

consisting of two tasks: (1) "determining the proper rule for calculating damages"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* The court may award only those damages it can ascertain with "reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). A court may make this determination based upon evidence presented at an inquest hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

The Court considers first whether Ergin has made out a prima facie case for each of his claims, and second, whether he has established damages with reasonable certainty.

### A. Plaintiffs' allegations support liability

#### 1. Minimum-wage and overtime claims

The FLSA and NYLL require employers to pay their employees at or above the minimum wage, as well as overtime for work in excess of 40 hours in a given workweek at the rate of time and one-half the statutory minimum wage rate, or at time and one-half the employee's regular rate of pay if they earn above the statutory minimum. *See* 29 U.S.C. §§ 206(a), 207(a); N.Y. Lab. Law. §§ 652(1), 665(5)(b); N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.2, 146-1.4. "To state an FLSA minimum wage or overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked an approximate number of hours for which she did not receive minimum or overtime wages." *Mahuiztl-Atilano v. Pio Rest., LLC*, No. 18-CV-3689 (AJN), 2020 WL 6820749, at *2 (S.D.N.Y. Nov. 20, 2020) (quoting *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *2 (S.D.N.Y. May 30, 2019)).

First, Ergin's allegations are sufficient to establish an employment relationship for FLSA purposes. In determining whether an individual is an employee for FLSA purposes, "[t]he ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). There is likewise no "rigid rule for the identification of an FLSA employer." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). Rather, courts look to various factors to determine the degree of formal or functional control over a worker. *See id.* "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do[ ] not diminish the significance of its existence.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "An employee may simultaneously have multiple 'employers' for purposes of determining responsibility under the FLSA," and "joint employers . . . may be held jointly and severally liable for FLSA violations." *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK), 2019 WL 1549033, at *5 (E.D.N.Y. Feb. 22, 2019).

Based on the position and the tasks that he performed, Ergin sufficiently pleaded that he "depend[ed] upon someone else's business for the opportunity to render service" and was not "in business for [himself]." *Brock*, 840 F.2d at 1059. Ergin was employed by Defendants as a sous chef, in which he spent 95% of his time cooking. Am. Compl. ¶¶ 16–25. He did not have authority to hire or terminate other workers and he did not have discretionary decision-making powers. *Id.* ¶¶ 26–30. These allegations are sufficient to establish that he was an employee for FLSA purposes.

The allegations in the complaint are also "sufficient to find that defendants were plaintiff's joint 'employers' under the FLSA." *Lu Nan Fan*, 2019 WL 1549033, at *7. 8th Hill operated a restaurant in Manhattan and the two individual Defendants, Feyzioglu and Cigercioglu, are each a "principal/shareholder" of 8th Hill. Am. Compl. ¶¶ 9–14. Feyzioglu and Cigercioglu additionally each exercised authority to hire and terminate employees of 8th Hill, to determine employees' pay, and to set employees' schedules. *Id.* ¶¶ 11–13. These allegations are sufficient to establish that they jointly controlled Plaintiffs such that they were joint employers for FLSA purposes.

Second, Ergin's allegations are sufficient to establish that Defendants' business involved interstate activities. "An employee is covered by the FLSA if she is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Zhen Ming Chen*, 2019 WL 2324567, at *2 (citing 29 U.S.C. §§ 206(a), 207(a)(1)). An enterprise is engaged in commerce if its employees handle, sell, or otherwise work on "goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Ergin alleges that 8th Hill had a gross annual volume of sales of at least $500,000 and that his work involved interstate commerce. Am. Compl. ¶ 47.

Third, Ergin sufficiently pleaded that he worked hours for which he did not receive minimum and overtime wages. "To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enterprises LLC*, No. 14–CV–2074 (JPO), 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). The FLSA also requires that an employee be compensated for overtime at one and a half times

7

the regular rate of pay for any hours worked over 40 in a week.  29 U.S.C. § 207(a)(1).  Accordingly, "[t]o plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199–201 (2d Cir. 2013).  Ergin has attested to the number of hours that he worked, including the number of overtime hours and the amount that he was compensated, which is sufficient to establish Defendants' liability for the FLSA minimum wage and overtime claims." *Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15-CV-2950 (RA), 2019 WL 3409892, at *4 (S.D.N.Y. July 29, 2019).  Ergin's allegations sufficiently establish the FLSA minimum-wage and overtime violations with respect to all three Defendants.  Am. Compl. ¶¶ 32–43.

For the same reasons, the Court finds that Plaintiffs' allegations are sufficient to establish NYLL violations.  The NYLL's definition of employee and employer are nearly identical to those in the FLSA. N.Y. Lab. Law §§ 651(5)–(6); *Mahuiztl-Atilano*, 2020 WL 6820749, at *4.  Likewise, the NYLL's minimum wage and overtime provisions mirror those of the FLSA. *See Reyes v. Lincoln Deli Grocery Corp.*, No. 17-cv-2732 (KBF), 2018 WL 2722455, at *5–6 (S.D.N.Y. June 5, 2018); *see also* N.Y. Lab. Law § 652; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The Court thus finds that Ergin's allegations are sufficient to establish the Defendants' liability for NYLL minimum-wage and overtime violations.

2. **Spread-of-hours-wage claims**

Under New York law, if the spread of hours—that is, the period of time worked in a given day—exceeds 10 hours, an employee must be paid "one hour's pay at the basic minimum hourly wage rate," in addition to his otherwise-required wages.  N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4; *see also Cid v. J.T. Auto & Body Shop, Inc.*, No. 18-CV-9284 (AJN), 2019 WL

4686531, at *2 (S.D.N.Y. Sept. 26, 2019). Ergin's sufficiently alleges that he is entitled to spread-of-hours compensation for days in which they he worked a spread of hours in excess of ten and did not receive any additional compensation. *See* Am. Compl. ¶¶ 32–33, 57, 67.

### 3. Notice, recordkeeping, and wage-statement claims

New York law also requires employers to provide employees with a notice at the time of their hiring that sets forth, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, . . . ; the regular pay day . . . ; the name of the employer; . . . [and] the regular hourly rate and overtime rate of pay." N.Y. Lab. Law § 195(1)(a). It further provides that an employer must "furnish each employee with a statement with every payment of wages, listing . . . the dates of work covered by that payment of wages; . . . rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." *Id.* § 195(3). Ergin's allegations sufficiently establish that he was not provided with the requisite notice and wage statements such that he is entitled to statutory damages for violations of the NYLL notice, recordkeeping, and wage-statement provisions. *See* Am. Compl. ¶¶ 34–37, 85, 88.

In sum, Ergin's allegations establish liability under both the FLSA and NYLL.

### B. Evidence in support of damages and attorneys' fees

Given that liability is established, the remaining question is whether Ergin has provided support for the sought-after relief. The plaintiff bears the burden of demonstrating his entitlement to damages "based on admissible evidence" such that the court may establish damages with "reasonable certainty." *House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed.

9

App'x 206, 207 (2d Cir. 2010). The Court may, for example, rely on "detailed affidavits and documentary evidence" to ascertain the amount of damages, *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993), but only if such affidavits reflect "personal knowledge of the facts," *Credit Lyonnais*, 183 F.3d at 154–55.

Though the plaintiff bears the burden of proving with reasonable certainty that he is owed damages, in an FLSA case, the remedial nature of the statute "militate[s] against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). In the absence of proper records, a plaintiff's recollection and estimates are therefore presumed to be correct. *See id.* at 688 ("The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements [of the FLSA.]"); *Pelgrift v. 335 W. 41st Tavern, Inc.*, No. 14-cv-8934 (AJN), 2017 WL 4712482, at *8 (S.D.N.Y. Sept. 28, 2017). Though it is not necessary, the Court may conduct a hearing or make referrals to determine the amount of damages. Fed. R. Civ. P. 55(b)(2); *Cement & Concrete Workers v. Metro Found.*, 699 F.3d 230, 234 (2d Cir. 2012) (noting the Court's considerable discretion to order an inquest).

Ergin submitted an affidavit that states the number of hours he worked each day for Defendants. Ergin Aff., Ex. A, Dkt. No. 28-5. Ergin's counsel used these hourly records to calculate the total damages owed. Sekendiz Aff. at 8–14, Dkt. No. 28. But the Court's review of Ergin's calculations reveals multiple errors that result in an incorrect damages figure. First, Ergin alleges for the first time in his default-judgment briefing that Defendants not only failed to pay him wages from March 2 to March 16, 2020, but that they never paid him any wages for hours worked beyond 60 hours in a week. Sekendiz Aff. at 8; Ergin Aff. ¶ 10. That allegation is nowhere in the Complaint, and so is not a proper basis for relief, yet accounts for a significant

10

portion of Ergin's claimed damages.  Sekendiz Aff. at 8–13; *see* Belizaire v. RAV Investigative & Sec. Servs. Ltd., 61 F. Supp. 3d 336, 345–46 (S.D.N.Y. 2014) (interpreting narrowly "the Rule 54(c) requirement to turn on defendant's receipt of adequate notice of the scope of damages").  Second, Ergin's minimum-wage calculation uses his typical hourly rate of $16.66 rather than the applicable federal minimum wage of $7.25 and the New York wage of $15.00.  Sekendiz Aff. at 13, Dkt. No. 28; 29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652(1)(a).  Third, Ergin at times miscalculates the number of overtime hours worked, such as during the week of August 6, 2019, in which Ergin worked 31 hours of overtime, and of December 31, 2019, in which Ergin worked 19 hours of overtime.  Sekendiz Aff. at 8, 12.  And fourth, Ergin's final summation does not add up to his $38,452.06 figure.  *Id.* at 14.

The Court concludes that "[t]hese errors, and possibly others, infect [Plaintiff's] damages calculation" such that the Court cannot ascertain Ergin's damages with reasonable certainty. *Cazares v. 2898 Bagel & Bakery Corp.*, No. 18-CV-5953 (AJN), 2020 WL 2832766, at *6 (S.D.N.Y. May 31, 2020); *see also Villanueva v. 179 Third Ave. Rest Inc.*, No. 16-CV-8782 (AJN), 2019 WL 4744707, at *6 (S.D.N.Y. Sept. 30, 2019).  Accordingly, the Court refers this matter to the Magistrate Judge for an inquest to ascertain damages. The Court also refers Plaintiffs' counsel's request for fees and costs to the Magistrate Judge.

### IV.    Conclusion

For the foregoing reasons, the Court GRANTS Ergin's motions for default judgment against all three Defendants. By separate order, this matter will be referred to the Magistrate Judge for an inquest to ascertain damages and to calculate attorneys' fees and costs.

This resolves docket numbers 27 and 38.

SO ORDERED.

Dated: September 20, 2021
      New York, New York

_____

ALISON J. NATHAN

United States District Judge