```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MEHMET EMRE ERGIN,                                              :

                Plaintiff,                                      :   REPORT & RECOMMENDATION

                                                                :   20 Civ. 4594 (AJN) (GWG)

    -v.-                                                        :

8TH HILL INC., et al.,                                          :

                Defendants.                                     :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiff Mehmet Emre Ergin ("Ergin") brought this action against defendants 8th Hill Inc. ("8th Hill"), Semi Feyzioglu, and Taniyel Cigercioglu, seeking unpaid wages under the New York Labor Law §§ 190 et seq. ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). A default has been entered against all three defendants. Ergin now seeks damages pursuant to the default.[1]

I. BACKGROUND

      A.  Procedural Background

      Ergin filed the original complaint in this action on June 16, 2020. See Complaint, filed June 16, 2020 (Docket # 1). On August 6, 2020, Ergin filed an amended complaint. See Amended Complaint, filed Aug. 6, 2020 (Docket # 10) ("Am. Comp."). Ergin filed a proposed certificate of default for 8th Hill and Cigercioglu on September 11, 2020, see Proposed Certificate of Default, filed Sept. 11, 2020 (Docket # 22), which the Clerk issued, see Certificate of Default, filed Sept. 11, 2020 (Docket # 24). On October 6, 2020, Ergin filed a motion for

---

[1] See Plaintiff's Proposed Findings of Fact and Memorandum of Law, filed Dec. 7, 2021 (Docket # 45) ("Proposed Findings"); Affidavit of Plaintiff Mehmet Emre Ergin in Support, filed Dec. 7, 2021 (Docket # 45-2) ("Ergin Aff.").

default judgment against 8th Hill and Cigercioglu.  See First Motion for Default Judgment, filed Oct. 6, 2020 (Docket # 27).  Over a year later, on October 20, 2021, Ergin filed a proposed certificate of default for Feyzioglu, see Proposed Certificate of Default, filed Oct. 20, 2021 (Docket # 32), which the Clerk issued, see Certificate of Default, filed Oct. 20, 2021 (Docket # 36).  On August 26, 2021, Ergin filed a motion for default judgment against Feyzioglu.  See Second Motion for Default Judgment, filed Aug. 26, 2021 (Docket # 38).  Judge Nathan granted Ergin's two motions for default judgment in a written order dated September 20, 2021.  See Memorandum Opinion and Order of September 9, 2021 (Docket # 40) ("Sept. 20 Order").  Judge Nathan's opinion referred this matter to the undersigned for an inquest on damages.  See id. at 11; Order of Reference, filed Sept. 20, 2021 (Docket # 41).  This Court then issued a scheduling order directing Ergin to file proposed findings of fact and conclusions of law.  See Order of September 22, 2021 (Docket # 42) ("Scheduling Order").  Ergin filed proposed findings of fact and conclusions of law on December 7, 2021.  See Proposed Findings.  No defendant has responded to any of the filings.

In light of defendants' default, Ergin's properly pleaded allegations in his amended complaint, except those related to damages, are accepted as true.  See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint.") (punctuation omitted); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [plaintiff's] favor.").  As to damages, "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155

(2d Cir. 1999).  This inquiry requires the district court to: (1) "determin[e] the proper rule for calculating damages on . . . a claim" and (2) "assess[] plaintiff's evidence supporting the damages to be determined under this rule."  Id.

Ergin bears the burden of establishing his entitlement to the amount sought.  See Trs. of Local 813 Ins. Tr. Fund v. Rogan Bros. Sanitation Inc., 2018 WL 1587058, at *5 (S.D.N.Y. Mar. 28, 2018).  In the case of a default where the defendant has never appeared, "a court may base its determination of damages solely on the plaintiff's submissions."  Id. (citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).  While a court must "take the necessary steps to establish damages with reasonable certainty," Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997), a court need not hold a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment," Fustok, 873 F.2d at 40.

Here, the Court's Scheduling Order notified the parties that the Court may conduct the inquest into damages based upon the written submissions of the parties, but that a party may seek an evidentiary hearing.  See Scheduling Order ¶ 3.  No party has requested an evidentiary hearing.  Moreover, because Ergin's submissions provide a basis for an award of damages, no hearing is required.

B. Relevant Facts

Ergin was employed as a "sous chef" at 8th Hill, an entity owned and operated by Cigercioglu and Feyzioglu.  See Proposed Findings ¶ 15; Am. Comp. ¶¶ 9-12, 16.  Ergin typically worked 10 to 15 hours a day, five to six days per week.  See Ergin Aff. ¶¶ 5-6.  From August 6, 2019 through March 1, 2020, Ergin was paid an hourly rate of $16.66 but did not receive overtime or spread of hour wages.  See Ergin Aff. at *4-11 ("Time Records"); Proposed

Findings ¶¶ 16, 22-23; Am. Comp. ¶¶ 23, 33.  Ergin also contends that he was never paid for time worked in excess of 60 hours per week, see Proposed Findings ¶ 30; Ergin Aff. ¶ 10, although this allegation does not appear in Ergin's complaint, see Am. Comp. at 3-12, and was therefore rejected by Judge Nathan, see Sept. 20 Order at 10.  From March 2 to March 16, 2020, Ergin was not paid at all.  See Proposed Findings ¶ 21; Ergin Aff. ¶ 8; Time Records at *11; Am. Comp. ¶ 22.  While defendants did not document Ergin's time worked until January 2020, see Proposed Findings ¶ 31; Am. Comp. ¶ 36, Ergin has submitted an affidavit setting forth the hours he worked for each date of employment.  See Ergin Aff. ¶ 11; Time Records.  Defendants did not provide Ergin with wage statements, and did not at the time of his hiring "provide Ergin adequate notice in English and in [Ergin's] primary language of his pay."  Proposed Findings ¶¶ 31-32 (punctuation omitted); Am. Comp. ¶¶ 84-89.

Ergin's proposed findings indicate he seeks the following: $9,791.60 in unpaid minimum wages, overtime wages, and spread of hours wages, see Proposed Findings at *15; $9,791.60 in liquidated damages, see id.; $10,000.00 for notice violations under the NYLL, see id.; prejudgment interest to be calculated from November 25, 2019, id. at *19; and $8,325.00 in attorney's fees and $824.00 in costs, id. at *16.  Totaled, Ergin seeks a judgment of $38,732.20, plus prejudgment interest.  See id. at *20.

II. DISCUSSION

Ergin brought suit under both the NYLL and the FLSA.  It is settled that while

> a plaintiff may be entitled to recover unpaid minimum wages and overtime pay under both the FLSA and the NYLL, he or she may not recover twice.  Instead, where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages.

Gonzalez Mercedes v. Tito Transmission Corp., 2018 WL 7291452, at *5 (S.D.N.Y. Dec. 6, 2018) (punctuation and internal citations omitted), report and recommendation adopted, 2019 WL 102007 (S.D.N.Y. Jan. 4, 2019).  Because the NYLL provides for the greater recovery in Ergin's case, we address only the provisions of the NYLL.

    A.  Unpaid Minimum Wage

Ergin seeks compensation for the period of March 2 to March 16, 2020, for which he alleges he was not paid at all.  See Proposed Findings at *8.  He seeks to be compensated for this period at the hourly rate of $16.66, which is what the defendants had been paying him in the period prior to March 2, 2020.  See id.  Ergin did not bring a breach of contract claim in this case, however, and thus he is only entitled to what the NYLL allows, which is to be paid at the minimum wage for his regular hours and at time-and-a-half for overtime.  See McGlone v. Contract Callers Inc., 114 F. Supp. 3d 172, 172-73 (S.D.N.Y. 2015) (rejecting a similar contention because "[t]he provisions of [the NYLL] do not specify any relief that is greater than the minimum wage").  Ergin has pled that 8th Hill has 18 employees, Am. Comp. ¶ 48, which is in excess of the minimum number necessary for it to be considered a "large employer," see N.Y. Lab. Law § 652(1)(a)(i); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a)(1)(i)(a).  Accordingly, Ergin may be compensated at the rate for large employers in New York City, which, for the duration of Ergin's employment, was $15.00 per hour.  See N.Y. Lab. Law § 652(1)(a)(i).  Ergin worked 86 non-overtime hours for which he was not paid at all.  See Time Records at *11.  Accordingly, as reflected on the "Minimum Wage Chart," annexed as Exhibit A, Ergin should be awarded $1,290.00 for unpaid minimum wages.  He should also be awarded

time-and-a-half for any time worked over 40 hours per week in the period from March 2 to March 16, 2020, as described in the next section.

### B. Unpaid Overtime Wages

NYLL requires an employer to pay "an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.  Where the plaintiff has been paid below the minimum wage, "the appropriate overtime rate [is] one-and-a-half times the minimum wage rate."  Nana v. Le Viking LLC, 2019 WL 3244181, at *3 (S.D.N.Y. July 19, 2019).

Ergin worked 30 overtime hours for which he was not paid at all, and 642 overtime hours for which he was paid his regular rate of $16.66 per hour, rather than "a wage rate of 1 1/2 times [his] regular rate."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4; see Time Records at *4-11. During this latter period, which ran from August 6, 2019 until March 1, 2020, Ergin should have been compensated at an overtime rate of $24.99 per hour (16.66 * 1.5).  From March 2, 2020 until March 16, 2020, Ergin should have been compensated at an overtime rate of $22.50 per hour (15.00 * 1.5).  Accordingly, as reflected on the "Minimum Wage Chart," annexed as Exhibit A, and the "Overtime Chart," annexed as Exhibit B, Ergin is entitled to $675.00 for the period in which he was not paid at all and $5,347.86 for the period in which he was paid his $16.66 hourly rate for overtime hours, for a total of $6,022.86 in unpaid overtime.

### C. Unpaid Spread of Hours

Under NYLL, an employee is entitled to an extra hour's pay at the minimum wage rate for any day for which "the spread of hours exceeds 10."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a).  "The spread of hours is the length of the interval between the beginning and end of an employee's workday."  Id. § 146-1.6 (emphasis omitted).  "Effective as of January 1, 2011,

the NYLL was amended such that the spread of hours regulations 'apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay.'" Andrade v. 168 First Ave. Rest. Ltd., 2016 WL 3141567, at *5 (S.D.N.Y. June 3, 2016) (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(d)), report and recommendation adopted, 2016 WL 3948101 (S.D.N.Y. July 19, 2016).

Between August 6, 2019 and March 16, 2020, Ergin worked more than 10 hours per day on 66 occasions. See Time Records at *4-11. To calculate the spread of hours, we multiply the number of days Ergin worked in excess of ten hours by the statutory minimum wage for the relevant period, $15.00. As reflected on the "Spread of Hours Chart," annexed as Exhibit C, Ergin should be awarded $990.00 for unpaid spread of hours.

D. Liquidated Damages

Ergin seeks liquidated damages for 100% of the unpaid wages. See Proposed Findings at *5-7. "The NYLL provides for a liquidated damages award equal to 100 percent of the plaintiff's actual damages, 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" Callender v. Panabori Food Corp., 2018 WL 4565876, at *13 (S.D.N.Y. July 11, 2018) (quoting N.Y. Lab. Law §§ 198(1-a), 663(1)), report and recommendation adopted, 2018 WL 3728931 (S.D.N.Y. Aug. 6, 2018). Defendants have defaulted and therefore have not provided any evidence to suggest they had a good faith basis to believe their underpayment complied with the law. Accordingly, Ergin should be awarded 100% of his "unpaid wages, which includes unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours." Villanueva v. 179 Third Ave. Rest. Inc., 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020). This amounts to $8,302.86.

E.  Failure to Provide Notices and Wage Statements under NYLL

N.Y. Lab. Law § 195(1) requires that, at the time of hiring, an employer "provide his or her employees, in writing in English and in the language identified by each employee as [their] primary language," notice of

> the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; . . . the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

Id. § 195(1)(a); accord Franco v. Jubilee First Ave. Corp., 2016 WL 4487788, at *13 (S.D.N.Y. Aug. 25, 2016).  The notice must also state an employee's regular hourly rate and overtime rate of pay.  N.Y. Lab. Law § 195(1)(a).  Since February 25, 2015, the statutory damages for violating the notice requirement has been up to $50 per workday for a maximum of $5,000.00. N.Y. Lab. Law § 198(1)(b).  Ergin states that defendants did not "provide Ergin adequate notice in English and in [his] primary language of his pay under N.Y. Lab. Law § 195(1)." Proposed Findings ¶ 31 (punctuation omitted).  Given the length of Ergin's employment with defendants, see id. ¶¶ 15, 20, Ergin is eligible for up to $5,000.00 in statutory damages, see N.Y. Lab. Law § 198(1)(b).  The award for a violation of section 195(1) is permissive, not mandatory.  See Pugh v. Meric, 2019 WL 2568581, at *2 (S.D.N.Y. June 20, 2019) ("The use of the word 'may' in NYLL § 198(1-b) indicates that recovery of damages under this sub-section is not automatic, particularly in light of the contrasting use of 'shall' in Section 198(1-d).").  Nonetheless, in light of defendants' default, and the complete failure to provide any explanation for their violation of the statute, the maximum of $5,000.00 should be awarded.

Furthermore, since April 9, 2011, the NYLL has required employers to "furnish each employee with a statement with every payment of wages," which must include, <u>inter alia</u>, the rate of payment, the gross wages provided, and the applicable overtime rate.  N.Y. Lab. Law § 195(3).  Ergin states that "[d]efendants failed to provide Ergin wage statements for each payment of wages under N.Y. Lab. Law § 195(3)," Proposed Findings ¶ 32, and he has therefore established that defendants violated N.Y. Lab. Law § 195(3).  Since February 27, 2015, the statute provides for a penalty of $250 for each workday that the violations occurred, not to exceed $5,000.00.  <u>See</u> N.Y. Lab. Law § 198(1)(d).  This penalty is "mandatory."  <u>Pugh</u>, 2019 WL 2568581, at *2.  Because this violation occurred on at least 20 workdays, Ergin should be awarded $5,000.00 in statutory damages for the wage statement violations.

In total, Ergin should be awarded $10,000.00 in statutory damages under the NYLL.

F.  <u>Prejudgment Interest</u>

Ergin seeks prejudgment interest.  <u>See</u> Proposed Findings at *19.  A plaintiff who prevails on a NYLL-wage claim is entitled to prejudgment interest on any "underpayment" of wages.  <u>See</u> N.Y. Lab. Law § 198(1)(a); <u>Schalaudek v. Chateau 20th St. LLC</u>, 2017 WL 729544, at *10-11 (S.D.N.Y. Feb. 24, 2017), <u>modified and adopted by</u>, 2017 WL 1968677 (S.D.N.Y. May 11, 2017); <u>Santana v. Latino Express Rests., Inc.</u>, 198 F. Supp. 3d 285, 294-95 (S.D.N.Y. 2016); <u>Castillo v. RV Transport, Inc.</u>, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016).  Although "a plaintiff who receives FLSA liquidated damages may not also receive pre-judgment interest[,] . . . . liquidated damages under the NYLL are considered punitive in nature, thus enabling a plaintiff to recover both liquidated damages and pre-judgment interest."  <u>Villanueva</u>, 500 F. Supp. 3d at 243.  However, "the award of prejudgment interest applies only to the amount of underpayment of wages, not the liquidated damages."  <u>Salustio v. 106 Columbia Deli Corp.</u>,

264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017).  "Prejudgment interest is [also] not available for violations of the wage statement or wage notice provisions."  <u>Maria v. Rouge Tomate Chelsea LLC</u>, 2020 WL 6049893, at *6 (S.D.N.Y. Oct. 14, 2020), <u>report and recommendation adopted</u>, 2021 WL 734958 (S.D.N.Y. Feb. 25, 2021).

 Prejudgment interest in New York runs at the rate of nine percent per annum.  N.Y. C.P.L.R. §§ 5001(a), 5004.  The starting date from which a court computes this interest is "the earliest ascertainable date the cause of action existed."  <u>Conway v. Icahn & Co., Inc.</u>, 16 F.3d 504, 512 (2d Cir. 1994) (quoting N.Y. C.P.L.R. § 5001(b)).  However, "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b); <u>see also</u> <u>Marfia v. T.C. Ziraat Bankasi</u>, 147 F.3d 83, 91 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date,'. . . .") (citing <u>155 Henry Owners Corp. v. Lovlyn Realty Co.</u>, 647 N.Y.S. 2d 30, 32 (2d Dep't 1996)).

 Here, Ergin's claims for unpaid wages arose on different dates from August 6, 2019 to March 16, 2020.  <u>See</u> Proposed Findings ¶¶ 18-22.  Per Ergin's request, we calculate prejudgment interest from the midpoint date of his relevant employment period: November 25, 2019, <u>see</u> Proposed Findings at *19, which we view as a reasonable intermediate date.  Accordingly, Ergin is entitled to prejudgment interest on his unpaid wages damages of $8,302.86 from November 25, 2019, until the date judgment is entered.  This amounts to $2.05 per day ([8,302.86 * .09] / 365 days).

G. Attorneys' Fees and Costs

Ergin has prevailed on his NYLL claims and is therefore entitled to an award of reasonable attorneys' fees. See N.Y. Lab. Law § 663(4). As has been frequently stated, in determining a statutory fee award, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008) (punctuation omitted) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); accord Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014). This calculation yields a "presumptively reasonable fee," Arbor Hill, 522 F.3d at 183 (punctuation omitted), and is commonly referred to as the "lodestar," id. (punctuation omitted); see also Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 312 (S.D.N.Y. 2009). Using the "lodestar" method, Ergin requests $8,325.00 in attorneys' fees. See Proposed Findings at *16-18.

It is well-established that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Fee applications that do not contain such supporting data "should normally be disallowed." Id. at 1154; accord Barrera v. Brooklyn Music, Ltd., 346 F. Supp. 2d 400, 412 (S.D.N.Y. 2004). As we have previously explained, "[w]hile it is permissible to provide a summary of time records (such as may appear on an invoice) in lieu of actual records, a person with knowledge must still provide the court with competent evidence that the summary is in fact based on time records that were contemporaneously made by each of the attorneys." Rouge Tomate, 2020 WL 6049893, at

*8.  Here, no person with knowledge has provided any sworn evidence that the documentation submitted is accurate at all, let alone based on time records contemporaneously.  In the absence of any sworn statement attesting to the number of hours and to the fact that they derive from contemporaneously made time records, the application must be disallowed.

A prevailing plaintiff under NYLL is also entitled to costs, which "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (punctuation omitted); accord Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012).  Once again, there is no affidavit from a person with knowledge attesting to the costs in this case.  We will take judicial notice of the $400.00 filing fee, however, as it is reflected on the docket, and therefore conclude that plaintiff should be awarded $400.00 in costs.

*     *     *

In sum, Ergin should be awarded $1,290.00 in unpaid minimum wage; $6,022.86 in unpaid overtime; $990.00 in unpaid spread of hours; $8,302.86 in liquidated damages; $10,000.00 in statutory damages; $400.00 in costs; and interest at a rate of $2.05 per day from November 25, 2019, and continuing until the date judgment is entered on his unpaid wages.  The total amount due before the interest calculation is $27,005.72.

Additionally, Ergin requests that the judgment include a provision automatically increasing the judgment by the amount set forth in N.Y. Lab. Law § 198(4) if defendants fail to pay it.  See Am. Comp. at *11-12.  N.Y. Lab. Law § 198(4) provides that:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Accordingly, if any part of the judgment is unpaid at the expiration of such time, and no appeal is pending, the judgment should provide that it is increased by 15 percent.

III. CONCLUSION

Ergin should be awarded a judgment in the amount of $27,005.72 plus prejudgment interest calculated from November 25, 2019, to the date judgment is entered at the rate of $2.05 per day on his unpaid wages. The text of the judgment should provide that if the judgment is not entirely paid within 90 days of judgment, or 90 days after the expiration of appeal, whichever is later, and no appeal is pending, then the total amount of judgment shall automatically increase by fifteen percent.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Nathan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 18, 202218, 2022
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

## EXHIBIT A – Minimum Wage Chart

| MINIMUM WAGE CHART | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Week | Non-Overtime Hours | Overtime Hours | Applicable Minimum Wage | Minimum Wage x 1.5 | Amount Paid - Non-Overtime | Amount Owed - Non-Overtime | Amount Due - Non-Overtime | Amount Paid - Overtime | Amount Owed - Overtime | Amount Due - Overtime |
| 3/2/20 - 3/8/20 | 40 | 20 | 15.00 | 22.50 | 0 | 600 | 600 | 0 | 450 | 450 |
| 3/9/20 - 3/15/20 | 40 | 10 | 15.00 | 22.50 | 0 | 600 | 600 | 0 | 225 | 225 |
| 3/16/20 - 3/22/20 | 6 | 0 | 15.00 | 22.50 | 0 | 90 | 90 | 0 | 0 | 0 |
| TOTAL | 86 | 30 | | | 0 | 1290 | 1290 | 0 | 675 | 675 |

## EXHIBIT B – Overtime Chart

| OVERTIME CHART | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Week | | Non-Overtime Hours | Overtime Hours | Ergin's Hourly Rate | Ergin's Hourly Rate x 1.5 | Overtime Paid | Overtime Owed | Overtime Due |
| 8/5/2019 | 8/11/2019 | 40 | 21 | 16.66 | 24.99 | 349.86 | 524.79 | 174.93 |
| 8/12/2019 | 8/18/2019 | 40 | 23 | 16.66 | 24.99 | 383.18 | 574.77 | 191.59 |
| 8/19/2019 | 8/25/2019 | 40 | 24 | 16.66 | 24.99 | 399.84 | 599.76 | 199.92 |
| 8/26/2019 | 9/1/2019 | 40 | 23 | 16.66 | 24.99 | 383.18 | 574.77 | 191.59 |
| 9/2/2019 | 9/8/2019 | 40 | 12 | 16.66 | 24.99 | 199.92 | 299.88 | 99.96 |
| 9/9/2019 | 9/15/2019 | 40 | 24 | 16.66 | 24.99 | 399.84 | 599.76 | 199.92 |
| 9/16/2019 | 9/22/2019 | 40 | 25 | 16.66 | 24.99 | 416.5 | 624.75 | 208.25 |
| 9/23/2019 | 9/29/2019 | 40 | 23 | 16.66 | 24.99 | 383.18 | 574.77 | 191.59 |
| 9/30/2019 | 10/6/2019 | 40 | 24 | 16.66 | 24.99 | 399.84 | 599.76 | 199.92 |
| 10/7/2019 | 10/13/2019 | 40 | 25 | 16.66 | 24.99 | 416.5 | 624.75 | 208.25 |
| 10/14/2019 | 10/20/2019 | 40 | 23 | 16.66 | 24.99 | 383.18 | 574.77 | 191.59 |
| 10/21/2019 | 10/27/2019 | 40 | 25 | 16.66 | 24.99 | 416.5 | 624.75 | 208.25 |
| 10/28/2019 | 11/3/2019 | 40 | 29 | 16.66 | 24.99 | 483.14 | 724.71 | 241.57 |
| 11/4/2019 | 11/10/2019 | 40 | 22 | 16.66 | 24.99 | 366.52 | 549.78 | 183.26 |
| 11/11/2019 | 11/17/2019 | 40 | 23 | 16.66 | 24.99 | 383.18 | 574.77 | 191.59 |
| 11/18/2019 | 11/24/2019 | 40 | 26 | 16.66 | 24.99 | 433.16 | 649.74 | 216.58 |
| 11/25/2019 | 12/1/2019 | 40 | 28 | 16.66 | 24.99 | 466.48 | 699.72 | 233.24 |
| 12/2/2019 | 12/8/2019 | 40 | 24 | 16.66 | 24.99 | 399.84 | 599.76 | 199.92 |
| 12/9/2019 | 12/15/2019 | 40 | 26 | 16.66 | 24.99 | 433.16 | 649.74 | 216.58 |
| 12/16/2019 | 12/22/2019 | 40 | 25 | 16.66 | 24.99 | 416.5 | 624.75 | 208.25 |
| 12/23/2019 | 12/29/2019 | 40 | 20 | 16.66 | 24.99 | 333.2 | 499.8 | 166.6 |
| 12/30/2019 | 1/5/2020 | 40 | 20 | 16.66 | 24.99 | 333.2 | 499.8 | 166.6 |
| 1/6/2020 | 1/12/2020 | 40 | 22 | 16.66 | 24.99 | 366.52 | 549.78 | 183.26 |
| 1/13/2020 | 1/19/2020 | 40 | 20 | 16.66 | 24.99 | 333.2 | 499.8 | 166.6 |
| 1/20/2020 | 1/26/2020 | 40 | 10 | 16.66 | 24.99 | 166.6 | 249.9 | 83.3 |
| 1/27/2020 | 2/2/2020 | 40 | 10 | 16.66 | 24.99 | 166.6 | 249.9 | 83.3 |
| 2/3/2020 | 2/9/2020 | 40 | 10 | 16.66 | 24.99 | 166.6 | 249.9 | 83.3 |
| 2/10/2020 | 2/16/2020 | 40 | 25 | 16.66 | 24.99 | 416.5 | 624.75 | 208.25 |
| 2/17/2020 | 2/23/2020 | 40 | 10 | 16.66 | 24.99 | 166.6 | 249.9 | 83.3 |
| 2/24/2020 | 3/1/2020 | 40 | 20 | 16.66 | 24.99 | 333.2 | 499.8 | 166.6 |
| TOTAL | | 1200 | 642 | | | 10695.72 | 16043.58 | 5347.86 |

## EXHIBIT C – Spread of Hours Chart

| SPREAD OF HOURS CHART | | | | | | |
|---|---|---|---|---|---|---|
| Week | | Days Worked in Excess of 10 Hours | Applicable Minimum Wage | Spread of Hours Wages Paid | Spread of Hours Wages Owed | Spread of Hours Wages Due |
| 8/5/2019 | 8/11/2019 | 1 | 15.00 | 0 | 15 | 15 |
| 8/12/2019 | 8/18/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 8/19/2019 | 8/25/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 8/26/2019 | 9/1/2019 | 2 | 15.00 | 0 | 30 | 30 |
| 9/2/2019 | 9/8/2019 | 2 | 15.00 | 0 | 30 | 30 |
| 9/9/2019 | 9/15/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 9/16/2019 | 9/22/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 9/23/2019 | 9/29/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 9/30/2019 | 10/6/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 10/7/2019 | 10/13/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 10/14/2019 | 10/20/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 10/21/2019 | 10/27/2019 | 4 | 15.00 | 0 | 60 | 60 |
| 10/28/2019 | 11/3/2019 | 4 | 15.00 | 0 | 60 | 60 |
| 11/4/2019 | 11/10/2019 | 2 | 15.00 | 0 | 30 | 30 |
| 11/11/2019 | 11/17/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 11/18/2019 | 11/24/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 11/25/2019 | 12/1/2019 | 4 | 15.00 | 0 | 60 | 60 |
| 12/2/2019 | 12/8/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 12/9/2019 | 12/15/2019 | 2 | 15.00 | 0 | 30 | 30 |
| 12/16/2019 | 12/22/2019 | 3 | 15.00 | 0 | 45 | 45 |
| 12/23/2019 | 12/29/2019 | 0 | 15.00 | 0 | 0 | 0 |
| 12/30/2019 | 1/5/2020 | 5 | 15.00 | 0 | 75 | 75 |
| 1/6/2020 | 1/12/2020 | 2 | 15.00 | 0 | 30 | 30 |
| 1/13/2020 | 1/19/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 1/20/2020 | 1/26/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 1/27/2020 | 2/2/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 2/3/2020 | 2/9/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 2/10/2020 | 2/16/2020 | 2 | 15.00 | 0 | 30 | 30 |
| 2/17/2020 | 2/23/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 2/24/2020 | 3/1/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 3/2/2020 | 3/8/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 3/9/2020 | 3/15/2020 | 0 | 15.00 | 0 | 0 | 0 |
| 3/16/2020 | 3/22/2020 | 0 | 15.00 | 0 | 0 | 0 |
| TOTAL | | 66 | | 0 | 990.00 | 990.00 |